THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:24-cv-00041-MR

| | |
|---|---|
| KAREN KLYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MARTIN O'MALLEY, ) | **O R D E R** |
| Commissioner of Social Security, ) | |
| ) | |
| and ) | |
| ) | |
| XAVIER BECERRA, Secretary, U.S. ) | |
| Department of Health and Human ) | |
| Services, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment. [Doc. 42].

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

On September 1, 2023, the Plaintiff Karen Klyman ("Plaintiff") initiated this action by filing an "Emergency Motion for Immediate Payment," later construed as the Plaintiff's Complaint, in the United States District Court for the Eastern District of Pennsylvania ("EDPA"). [Doc. 2]. The Plaintiff filed

this action against the Acting Commissioner of Social Security and the Secretary of the Department of Health and Human Services (collectively, "Defendants"), asking the Court to strike a Stop Notice sent by the Social Security Administration ("SSA") as unconstitutional and to order immediate emergency payment. [Id. at 8].

On January 8, 2024, the Defendants filed a Motion to Dismiss for failure to state a claim. [Doc. 19]. On January 19, 2024, the Plaintiff filed a Motion to Show Cause Why Sanctions Should Not Issue [Doc. 24], and a Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 25]. The EDPA denied both of the Plaintiff's motions. [Docs. 26, 28].

The EDPA then denied the Defendants' Motion to Dismiss without prejudice and entered an Order transferring the matter to this Court. [Doc. 33]. The Plaintiff appealed the EDPA's Order transferring the matter to this Court to the Third Circuit Court of Appeals. [Doc. 36 at 1]. This Court stayed the action pending resolution of the Plaintiff's appeal. On May 31, 2024, the Third Circuit dismissed the Plaintiff's appeal for lack of appellate jurisdiction. [Doc. 38 at 1]. This Court subsequently lifted the stay. [Doc. 39].

On August 26, 2024, the Defendants filed the present Motion to Dismiss the Plaintiff's Complaint or, in the Alternative, for Summary

Judgment in this Court, arguing that the Plaintiff has failed to exhaust her administrative remedies. [Doc. 42]. In support of their motion, the Defendants filed Declarations from Loretta Collier, a Social Insurance Specialist at the Center for Disability and Program Support for the SSA [Doc. 43-1: Collier Decl. at 1], and Cristina Prelle, the Executive Director of the Medicare Operations Division and an Administrative Appeals Judge on the Medicare Appeals Council at the Departmental Appeals Board [Doc. 43-2: Prelle Decl. at 1]. These Declarations detail the nature of the Plaintiff's Social Security benefits as well as the timeline of the Plaintiff's case as it has moved through the administrative process.

On August 28, 2024, this Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of her right to respond to the Defendants' Motion to Dismiss and of the requirements for filing a response to the Defendants' alternative summary judgment motion. [Doc. 44]. On October 21, 2024, in light of the devastation caused by Tropical Storm Helene, the Court issued a *sua sponte* Order granting the Plaintiff fourteen additional days to respond to the Defendants' motion. [Doc. 46]. The Plaintiff has not responded, and the time to do so has expired. These matters are ripe for disposition.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, see Revene v. Charles Cnty. Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, Papasan v. Allain, 478 U.S. 265, 286

(1986), or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

Here, the Defendants move to dismiss the Plaintiff's Complaint for failure to exhaust under Rule 12(b)(6) and, alternatively, for summary judgment. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). On a motion to dismiss, however, the Court may consider documents attached to the motion if those documents "are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted).

## III.  DISCUSSION

Federal district courts have jurisdiction to review Social Security determinations pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, *after* any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain *a review* of such decision by a civil action commenced within sixty days *after* the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . .

5

42 U.S.C. § 405(g) (emphasis added). "By requiring a final decision of the Commissioner as a condition for judicial review, § 405(g) effectively mandates exhaustion of administrative remedies as a *prerequisite* for filing suit." L.N.P. v. Kijakazi, 64 F.4th 577, 583 (4th Cir. 2023) (emphasis added).

Specifically, claimants must proceed through a four-step process before seeking review in a federal court. Smith v. Berryhill, 587 U.S. 471, 475–76 (2019).

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. See 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

Id. at 476.

Under exceptional circumstances, a court may excuse the exhaustion requirement. Bowen v. City of New York, 476 U.S. 467, 483 (1986). As the Fourth Circuit has explained:

> The Supreme Court has identified three conditions that permit a court to excuse compliance with § 405(g), namely, when (1) the claims are collateral to the claims for benefits; (2) the claimants would be irreparably injured were the exhaustion requirement

> enforced against them; and (3) the purposes of exhaustion would not be served by requiring it, as exhaustion would be futile.

L.N.P., 64 F.4th at 584 (quoting Bowen, 476 U.S. at 483–85 (internal quotation marks and alterations omitted)). All three conditions must be satisfied for a court to excuse exhaustion. Id. at 586–87.

Here, the Plaintiff did not exhaust administrative remedies before filing suit. In her Complaint, the Plaintiff acknowledges that she was "bypass[ing]" the SSA and "ask[ing] a court for relief." [Doc. 2 at 5]. The Plaintiff further acknowledges that she initiated an appeal with the SSA in 2018 and requested a hearing by an Administrative Law Judge in 2019, but there had been "no progress since that time." [Id. at 7]. She alleges that her "experience with the" SSA would "make any appeal with [it] seem . . . futile," and explained that pursuing an appeal was not "attractive." [Id. at 7–8].

The Defendants seek dismissal by asserting the affirmative defense of failure to exhaust administrative remedies. [Doc. 43 at 9]. In support of their Motion to Dismiss, the Defendants reference the Declarations of Loretta Collier and Cristina Prelle that were filed as exhibits to the

7

Case 1:24-cv-00041-MR    Document 47    Filed 01/21/25    Page 7 of 9

Defendants' motion.[1]  [Docs. 43-1 and 43-2].  The Collier Declaration details the timeline of the Plaintiff's case as it has moved through the administrative process [Doc. 43-1: Collier Decl.], and both Declarations confirm that the Plaintiff failed to exhaust administrative remedies before filing her Complaint in the EDPA [Doc. 43-1: Collier Decl. at 4; Doc. 43-2: Prelle Decl. at 2].[2]  Nothing in the Declarations conflicts with the allegations in the Plaintiff's Complaint, and the Plaintiff has not disputed the authenticity of the Declarations or the accuracy of the statements alleged therein regarding the state of her benefits and of the record.

Furthermore, the Plaintiff's allegations are not sufficient to excuse exhaustion.  The Plaintiff's claim is not collateral to a claim for benefits; rather, her claim is one for benefits.  Additionally, the Plaintiff has not properly alleged that she would be irreparably injured if required to meet the exhaustion requirements.  Instead, the Plaintiff alleges economic injury, which is "not the kind of equitable condition for which courts have excused exhaustion of the administrative process." L.N.P., 64 F.4th at 588.  Finally, the fact that the Plaintiff's claim continued through the administrative

---

[1] Because these Declarations are integral to the defense raised in the Defendants' motion and distills information from documents that are not disputed, they are sufficiently incorporated by reference, and are properly considered here.  See Philips, 572 F.3d at 180.

[2] The Court notes that during the pendency of this matter, the Medicare Appeals Council issued an Order declining to review the Plaintiff's case.  [Doc. 45-1].

process after she filed her Complaint demonstrates that properly exhausting administrative remedies would not have been futile. Accordingly, the Court will grant the Defendants' motion.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the Plaintiff had not exhausted her administrative remedies when she commenced this litigation as required by 42 U.S.C. § 405(g). Therefore, this Court cannot review the Plaintiff's claim on the merits. As such, the Court will dismiss the Plaintiff's claim without prejudice to the Plaintiff refiling upon full exhaustion of her administrative remedies.

## ORDER

**IT IS THEREFORE ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment [Doc. 42] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint [Doc. 2] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**   Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge

9
Case 1:24-cv-00041-MR   Document 47   Filed 01/21/25   Page 9 of 9